THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO. TDC-21-0449 |
| | * | |
| RONALD EUGENE WATSON, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

**GOVERNMENT'S MOTION IN LIMINE TO PERMIT A SUMMARY WITNESS TO TESTIFY AND REMAIN IN COURT DURING TRIAL**

The United States of America, by and through undersigned counsel, moves this Court to permit IRS Revenue Agent Radiah Carson to testify as a summary witness concerning tax computations at trial in this case and, accordingly, to remain in the courtroom for the entire trial. In support, the government submits the following memorandum of law.

I.     **Introduction**

On February 6, 2023, the government notified the defendant that it intended to call IRS Revenue Agent ("RA") Radiah Carson as a summary and fact witness. The United States intends to call RA Carson as a summary witness to explain to the jury the tax consequences of the information that the defendant reported on his clients' tax returns. Specifically, RA Carson will listen to the in-court testimony of the witnesses at trial, and thereafter make adjustments to the tax returns at issue, based upon the testimony and documentary evidence, and compute the correct amount of tax each of those clients would have owed, or refund amount each would have been entitled to, had their tax returns been prepared properly. The revenue agent will prepare summary charts to accompany her testimony to illustrate her computations to the jury. This testimony is

relevant to establishing the requisite materiality of the falsities reported on the client tax returns.

## II. Argument

An IRS summary witness may appropriately testify as to what the United States' evidence showed with respect to the calculation of taxes. "The admission of testimony summarizing evidence has been held to be admissible in income tax prosecutions." *United States v. Sturman*, 951 F.2d 1466, 1480 (6th Cir. 1991); *see, e.g.*, *United States v. Bailey*, 216 F. App'x 378, 383 (4th Cir. 2007) (approving of the use of an IRS summary witness to calculate tax loss); *United States v. Smith*, 2022 WL 16948593, at *2, *7 (4th Cir. Nov. 15, 2022) (rejecting a challenge to the testimony of an IRS Agent acting as "a non-expert summary witness"); *see also United States v. Rollack*, 570 F. App'x 267, 277 (4th Cir. 2014) ("Rule 611(a) can be used as a basis for the admission of summary testimony when the testimony aids in ascertaining the truth.") (citing *United States v. Johnson*, 54 F.3d 1150, 1156 (4th Cir. 1995)); 4 WEINSTEIN'S FEDERAL EVIDENCE § 611.02[2][a][vii] & n.49 ("Oral testimony summarizing other evidence already in the record is admissible in the trial court's discretion under Rule 611(a) on the same grounds and under the same conditions that apply to the use of summary charts."). While not in the context of a tax case, the Fourth Circuit has explained that to determine whether a summary witness's testimony under Rule 611(a) would "aid[] in ascertaining the truth," "[t]he complexity and length of the case as well as the numbers of witnesses and exhibits are considered." *Rollack*, 570 F. App'x at 277 (quoting *United States v. Loayza*, 107 F.3d 257, 264 (4th Cir. 1997)). And while prejudice to the defendant should be considered, "any '[p]rejudice may be dispelled by allowing the defendant an opportunity to cross-examine the individual [presenting the summary testimony],' and by 'ensuring that the district court properly instruct[s] the jury concerning the

manner in which they [are] to consider the [summary testimony].'" *Id.* (alterations in original) (first quoting *Loayza*, 107 F.3d at 264; then quoting *Johnson*, 54 F.3d at 1159).

Thus, "testimony by an IRS agent that allows the witness to apply the basic assumptions and principles of tax accounting to particular facts is appropriate in a tax evasion case." *United States v. Stierhoff*, 549 F.3d 19, 28 (1st Cir. 2008). "The key to admissibility is that the summary witness's testimony does no more than analyze facts already introduced into evidence and spell out the tax consequences that necessarily flow from those facts." *Id.* (citing *United States v. Pree*, 408 F.3d 855, 869 (7th Cir. 2005)). The summary witness must not "directly address the ultimate question of whether the accused did in fact intend to evade federal income taxes," *id.*, or "give a legal opinion that necessarily determines the guilt of a defendant or instructs the jury on controlling legal principles," *United States v. Sabino*, 274 F.3d 1053, 1067 (6th Cir. 2001), *amended in part*, 307 F.3d 446 (6th Cir. 2002) (citations omitted).

Here, RA Carson's summary testimony will consist of straightforward tax calculations that stem from the testimony of other witnesses and admitted documentary evidence. She will not offer an opinion that determines the defendant's guilt; nor will she testify as to the law. Accordingly, her summary testimony is admissible.

Given that RA Carson's summary testimony requires listening to, and incorporating the testimony of, other witnesses (such as the client-witnesses who will testify regarding falsities in their returns as prepared by the defendant), she should be permitted to remain in the courtroom throughout the presentation of the government's evidence, notwithstanding Federal Rule of Evidence 615. *See United States v. Rhynes*, 218 F.3d 310, 318 n.8 (4th Cir. 2000) (describing that "the language of Rule 615 does not require exclusion of all witnesses from the courtroom" and

noting that the district court below "specifically exempted the Government's . . . summary witness"); FED. R. EVID. 615(c) (expressly permitting the presence in the courtroom of "a person whose presence a party shows to be essential to presenting the party's claim or defense.").

V.     **Conclusion**

The government respectfully requests that the Court permit IRS Revenue Agent Radiah Carson to testify as a summary witness concerning tax computations in this case and to remain in the courtroom for the entire trial.

Respectfully submitted,

Erek L. Barron
United States Attorney

*/s/ G. Michael Morgan, Jr.*
Digitally signed by GARY MORGAN
Date: 2023.02.06 23:31:38 -05'00'

G. Michael Morgan, Jr.
Assistant United States Attorney
Matthew L. Cofer
Trial Attorney
U.S. Department of Justice, Tax Division

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record for the defendant.

*G. Michael Morgan, Jr.*

Digitally signed by GARY MORGAN
Date: 2023.02.06 23:32:08 -05'00'

G. Michael Morgan, Jr.
Assistant United States Attorney